UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SESAME WORKSHOP,**

      Petitioner,

v.                                  Case No: 6:23-cv-1507-PGB-EJK

**SEAWORLD PARKS &
ENTERTAINMENT, INC.,**

      Respondent.

**ORDER**

This cause comes before the Court on the parties' Joint Motion for Leave to File Under Seal (the "Motion") (Doc. 21), filed September 11, 2023. Therein, Sesame Workshop ("Sesame") and SeaWorld Parks & Entertainment, Inc. ("SeaWorld") request an order allowing them to file under seal certain documents that they represent contain confidential proprietary information, in support of SeaWorld's pending Cross-Motion to Vacate and Response in Opposition to Sesame Workshop's Petition to Confirm Arbitration Award (Doc. 19) or Sesame's response in opposition thereto (Doc. 24). For the reasons set forth below, the Motion is due to be granted.

Local Rule 1.11(c) requires the following for filing a document under seal, if it is not authorized by a statute, rule, or order:

> [The Motion] (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason . . . filing the item is necessary, . . . sealing the item is necessary, and . . . partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration

of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing.

The Motion complies with the Local Rule; thus, the Court must now determine whether there is good cause for the seal.

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The parties seek to seal a variety of documents individually set forth in a table in Section I of the Motion, but which in general concern at least one of the following: "(1) pricing and related data; (2) how Sesame values its intellectual property and approaches the licensing of its intellectual property, (3) how SeaWorld values the licensing of intellectual property at its amusement parks, or (4) other confidential proprietary information." (Doc. 21 at 4–5.) The documents include, but are not limited to, the License Agreement between the parties, the arbitration award at issue in this case, transcripts of the arbitration hearing, and communications between the parties regarding royalty payments and other financial information.

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Robertson v. Alvarado*, No. 3:18-cv-487-J-34MCR, 2018 WL 1899052, at *2 (M.D. Fla. Apr. 20, 2018) (sealing unredacted version of complaint containing non-public, competitively sensitive, confidential and proprietary information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). As the documents sought to be sealed contain such information, the parties

have demonstrated good cause to overcome the public's right of access to the documents to be sealed.

Accordingly, it is **ORDERED** as follows:

1. The parties' Joint Motion for Leave to File Under Seal (Doc. 21) is **GRANTED** as follows:

   a. Sesame has leave to file under seal: (i) the License Agreement and the Arbitration Award, and (ii) an unredacted version of its response to SeaWorld's Motion to Vacate (Doc. 24).

   b. SeaWorld has leave to file under seal: (i) the remaining items listed in the table in Section I of the Motion (Doc. 21 at 5–8), and (ii) an unredacted version of its Motion to Vacate (Doc. 19).

2. All items approved for sealing by this Order **SHALL** be filed through CM/ECF. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on September 21, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE