**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SESAME WORKSHOP,**

    Petitioner,

v.                                                     Case No: 6:23-cv-1507-PGB-UAM

**SEAWORLD PARKS &**
**ENTERTAINMENT, INC.,**

    Respondent.

_____

**ORDER**

This case is before the Court on the joint motion (Doc. 33) of the parties, Sesame Workshop and SeaWorld Parks and Entertainment, Inc., to enter an order pursuant to Local Rule 1.11 preventing the expiration of the seal previously ordered by the Court (Doc. 25) with respect to SeaWorld's unredacted Cross-Motion to Vacate and Response in Opposition to Sesame Workshop's Petition to Confirm the Arbitration Award, and the attached declaration and exhibits.

Indeed, on September 21, 2023, the Court entered an Order granting the Parties' Joint Motion to Seal and sealing the subject materials for the duration of this case. (Doc. 25). Then, on September 30, 2024, this Court entered final judgment. (Doc. 31). The parties have now moved pursuant to Local Rule 1.11(c) and (e) to maintain the seal in this case to prevent the expiration of the seal and disclosure of confidential materials and competitively sensitive information.

The right of access to judicial records pursuant to common law is well established. *See*

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, when parties request an order restricting access to pleadings and evidence filed with the court, such a request warrants heightened scrutiny. Indeed, when a request for filing under seal is made, Eleventh Circuit precedent setting forth the governing standard and the public's interests, as well as the requirements of the Local Rules, should be addressed. *See U.S. v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001); *Globe Newspaper Co. v. Superior Court for Norfolk County*, 457 U.S. 596, 606-07 (1982); *Microlumen, Inc. v. Allegrati*, Case No. 8:07-cv-350-T-17TBM, 2007 WL 1247068 (M.D. Fla. April 30, 2007).

Upon due consideration, and for the reasons articulated in the Court's prior Order (Doc. 25), the undersigned finds that the requirements of Local Rule 1.11 are satisfied. The parties have demonstrated a sufficient basis for maintaining the seal regarding the relevant documents which contain confidential and proprietary business information. The parties' motion (Doc. 33) is GRANTED, and the seal established by the Court's prior Order (Doc. 25) shall remain in effect indefinitely.

**DONE** and **ORDERED** in Ocala, Florida on January 9, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties